DICKINSON, Presiding Justice,
dissenting:
¶ 15. The Mississippi Workers’ Compensation Group Self-Insurer Guaranty Association (the Association) was created by statute,[7] and, as an instrumentality of the State of Mississippi, it clearly is covered by the Mississippi Tort Claims Act (“MTCA”). Because that is the only question before us, I respectfully dissent.
¶ 16. My reason for not fully joining Justice Coleman’s opinion is that I see no need for any evaluation of whether the Association is also an instrumentality of the Workers’ Compensation Commission— although I agree with him that it is. Black’s Law Dictionary defines an instrumentality as “1. A thing used to achieve an end or purpose. 2. A means or agency through which a function of another entity is accomplished, such as a branch of a governing body.”[8] So the question is whether the Legislature created the Association to achieve “an end or purpose” properly within its purview.
¶ 17. It seems obvious that every entity the Legislature statutorily creates is to achieve some governmental end or purpose. Why would — and perhaps more importantly, how could — the Legislature create an entity with absolutely no governmental purpose? When, as here, the Legislature delegates to an entity enforcement powers that exceed those possessed by private citizens, the entity is a governmental instrumentality.
¶ 18. That brings us to the statutorily created Association. Among its statutory purposes is to protect citizens from financial loss caused by “the insolvency of a self-insurer....”[9] The majority scoffs at the notion that the Association’s statutory purpose “to protect the public” is a legitimate governmental purpose. If protecting *825 the public is not a legitimate governmental purpose, one wonders why the Attorney General has a Consumer Protection Division, and why there are laws against fraud.
¶ 19. It cannot seriously be doubted that protection of the public is a legitimate governmental purpose. And to further that purpose, the Legislature created the Association to serve as its instrumentality and granted it enforcement powers, including the power to assess “each individual self-insurer” in the State of Mississippi.[10] So, clearly, the Association was created as an instrumentality of the State of Mississippi to serve a legitimate governmental purpose.
¶ 20. The MTCA applies to the State of Mississippi and all of its “political subdivision[s]”[11] and “instrumentalit[ies].”[12] There are no exceptions. So clearly it applies to the Association. And because the Act applies to the Association, any lawsuit — including the one before us today — must be filed, and must proceed according to the provisions of the MTCA.[13] And because that is the only question before us, we should affirm the trial judge.
¶21. The Guaranty Association Act does include a provision that provides certain immunity from suits.[14] But whether the Association is immune under the Guaranty Association Act or the MTCA[15] — or both — is not before us in today’s case. The trial judge held no more than that the Association is covered by the MTCA, and any suit against it must proceed according to the requirements of that Act. The trial judge was exactly correct.
PIERCE AND COLEMAN, JJ., JOIN THIS OPINION. LAMAR, J., JOINS THIS OPINION IN PART. .

. Miss.Code Ann. § 71-3-159 (Rev. 2011).

. Black’s Law Dictionary 681 (abr. 9th ed. 2010).

.Miss.Code Ann. § 71-3-153 (Rev. 2011).

. Miss.Code Ann. § 71-3-163(c) (Rev. 2011).

. Miss.Code Ann. § 11-46-1(i) (Rev. 2012).

. Miss.Code Ann. § 11-46-1(j) (Rev. 2012).

. Miss.Code Ann. § 11-46-11 (Rev. 2012).

. Miss.Code Ann. § 71-3-179 (Rev. 2011).

. Miss.Code Ann. § 11-46-9 (Rev. 2012).